UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:23-cv-11403-DJC

SIGRIDUR BALDURSDOTTIR

        Plaintiffs,

v.

BOSTON; MICHELLE WU; KATHLEEN COFFEY; SEAN PAUL MURPHY; AND JUSTICES OF THE WEST ROXBURY DIVISION OF THE BOSTON MUNICIPAL COURT,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF JUDGE COFFEY'S AND CLERK MAGISTRATE MURPHY'S PARTIALLY ASSENTED-TO MOTION TO SEVER AND REMAND, OR TO REMAND ENTIRELY

### INTRODUCTION

By this Motion, Judge Kathleen Coffey and Clerk Magistrate Sean Murphy ("State Trial Court Defendants") ask this Court to (a) sever and remand to Suffolk Superior Court all claims that Ms. Baldsurdottir asserted against them, including both official and individual capacity claims; or (b) remand the entire case to Suffolk Superior Court under the unanimity doctrine.

As is explained in Part A, below, remanding the claims against the State Trial Court Defendants in their official capacities is warranted because the Eleventh Amendment immunizes them from having damages claims adjudicated in the federal court. To avoid the State Trial Court Defendants having to litigate in two forums – official capacity in state court and individual capacity in federal court – they ask that *all* claims against them be severed and remanded. The City of Boston and Mayor Wu ("City Defendants") assent to this portion of the Motion. *See* Part A.

As explained in Part B, if this Court is inclined to remand *only* the official capacity claims against the State Defendants, leaving the individual capacity claims against them in federal court,

1

they instead ask that the Court remand the entirety of the case. This relief is appropriate because Judge Coffey had already been served by the time the City Defendants filed their Notice of Removal, but Judge Coffey did not assent to removal. Also, Clerk Magistrate Murphy, who reserves and does not waive any arguments about lack timely service, does not assent to the removal. In this circumstance, the unanimity doctrine supports remanding the entire case to Suffolk Superior Court. Plaintiff assents to this portion of the Motion. *See* Part B.

## PROCEDURAL HISTORY

*The Complaint*

On March 23, 2023, Ms. Baldursdottir ("Plaintiff") filed suit in Suffolk Superior Court against the City of Boston, Mayor Wu individually and officially, Judge Coffey individually and officially, Clerk Magistrate Murphy individually and officially, and Justices of the West Roxbury Division of the Boston Municipal Court, officially.[1] Against each defendant, Plaintiff asserts eight counts: (1) Violation of 28 U.S.C. § 1983, (2) Related Conspiracy Claim; (3) Violation of the Massachusetts Civil Rights Act, (4) Related Conspiracy Claim; (5) Abuse of Process, (6) Related Conspiracy Claim; (7) Malicious Prosecution; and (8) Related Conspiracy Claim. *See* Complaint, 03/23/23.[2]

---

[1] "Justices of the West Roxbury Division of the Boston Municipal Court" is neither an individual nor an entity subject to suit. But if it were, the claims against them are subject to remand for the same reasons as the claims against Judge Coffey and Clerk Magistrate Murphy.

[2] At its core, the claims against the State Trial Court Defendants stem generally from Plaintiff's allegations that the Homeless Court unlawfully treats criminal defendants who are homeless more favorably than criminal defendants who, like the Plaintiff, are more affluent or whose crimes occurred in more affluent areas, such as protesters outside of Mayor Wu's home. *See id.* Plaintiff also contends that the pending prosecution of her for larceny constitutes a violation of her civil rights, generally and with regard to the lack of a recording of the show cause hearing and the inability of the district court to provide an Icelandic interpreter. *See id.*

*Service*

Plaintiff had ninety days, until June 21, 2023, to serve properly all defendants. *See* Mass. R. Civ. P. 4(j). For those individually named, this required personal service; for those officially named, this required certified mail service upon the Attorney General's Office; and for specific divisions of the state government, this required certified mail service upon both the agency and the Attorney General's Office. *See id.* and Mass. R. Civ. P. 4(d)(3).

On June 16, 2023, the City of Boston was served by certified mail. *See* State Docket Report at Exh. A; Boston Return of Service, 06/16/23, at Exh. B. The same day, Plaintiff attempted to serve "Justices of the West Roxbury Division of the Boston Municipal Court" by sending the Complaint to its Chief Justice, though it does not appear that Plaintiff also sent it to the Attorney General, as is required. *See* Justices Return of Service, 06/16/23, at Exh C.

On June 21, 2023, the last day to accomplish service, Plaintiff served Mayor Wu through Counsel. *See* Wu Return of Service, 06/21/23, at Exh D. The same day, Plaintiff served Judge Coffey by leaving the Complaint at her last and usual place of abode. *See* Coffey Return of Service, 06/21/23, at Exh. E. Also on the same date, Plaintiff filed a Motion asking that service could be made upon Clerk Magistrate Murphy by sending the same to the AAG who would be appointed to represent him. *See* Plaintiff's Motion, 06/21/23, at Exh. F. Plaintiff's Motion did not request additional time to serve Clerk Magistrate Murphy. *See id.*

On June 26, 2023, five days after the service deadline passed, the Court allowed Plaintiff's motion. *See* Exh. A, Allowance, 06/26/23. On July 7, 2023, shortly after being assigned to the case, AAG Leelyn was able to accept service for Clerk Magistrate Murphy, reserving all arguments about tardiness of said service.[3] *See* Murphy Service Confirmation, 07/11/23, at Exh. G.

---

[3]   It is the State Defendant's position that service has not been properly made upon the "Justices," and service upon Clerk Magistrate Murphy was untimely.

*City Defendant's Notice of Removal*

On June 22, 2023, the City Defendants removed the matter from the Suffolk Superior Court to the U.S. District Court. *See* Notice of Removal, 06/22/23, at Dkt #1. Unbeknownst to the City Defendants, Judge Coffey had been served the day before; but she did not participate in or assent to the Removal. *See id.* ("All defendants *who are known to have been served*, have consented [] to the removal of this action…." [emphasis added]).

This Motion to Sever and Remand, or to Remand Entirely, immediately follows AAG Leelyn's retention by the State Defendants individually, which was finalized on July 11, 2023.

## ARGUMENT

**A. Because the Eleventh Amendment Bars Damages Claims Against State Employees in Their Official Capacities from Proceeding in Federal Court, All Claims Against Judge Coffey and Clerk Magistrate Murphy Should be Severed and Remanded.**

This Court should sever all claims against the State Trial Court Defendants and remand those to Suffolk Superior Court. Generally, a defendant may remove from state court a case alleging federal law claims and state law claims if the federal law claims arise under the Constitution and/or laws of the United States. *See* 28 U.S.C. 1441(c)(1). Once removed, the federal court "shall sever from the action all claims [not within its original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). As explained below, the Eleventh Amendment mandates severing and remanding all claims against the State Trial Court Defendants in their official capacities, and principles of consistency and economy support also remanding the individually asserted claims.

1. <u>All Claims Against the State Trial Court Defendants in Their Official Capacities Must Be Severed and Remanded Under the Eleventh Amendment's Sovereign Immunity.</u>

Because the Eleventh Amendment bars the federal court from adjudicating claims against the State Defendants in their official capacities, those claims must be severed and remanded. The

4

Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States…." U.S. Const. amend. XI. Despite its phrasing, the Amendment applies equally to suits in federal court by a state's own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Thus, the Eleventh Amendment bars claims for monetary damages against states, state agencies, and state officials sued in their official capacities. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 120 (1984); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Moreover, "[r]emoval statutes are to be narrowly construed." *Esposito*, 590 F.3d at 76. Therefore, the "ultimate guarantee of the Eleventh Amendment [] that nonconsenting States may not be sued by private individuals in federal court" is only eliminated if Congress "unequivocally intends" to abrogate the immunity and does so "pursuant to a valid grant of constitutional authority." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *see also Pennhurst*, at 100 ("[I]in the absence of consent, a suit in which the State or one of its agencies [] is named as the defendant is proscribed by the Eleventh Amendment").

Here, the Commonwealth has not consented to be sued in federal court under 42 U.S.C. § 1983, the lone federal claim appearing in the Plaintiff's Complaint. *See Will v. Michigan Dep't of State Police,* at 63 (Section 1983 "does not override a State's Eleventh Amendment immunity"); *Hudson v. Maloney*, 326 F. Supp. 2d 206, 213 (D. Mass. 2004) ("Commonwealth has not consented to being sued for money damages in either the federal courts or in its own courts under § 1983"). Because Congress did not abrogate state's immunity when it enacted Section 1983, and because Massachusetts has not consented to such suit, the federal court lacks jurisdiction over 1983 claims brought against the State Defendants in their official capacities. *See id.*

Nor has the Commonwealth consented to be sued in federal court for Plaintiff's state law claims: Massachusetts Civil Rights Act, Abuse of Process, Malicious Prosecution, and all related Conspiracy claims. The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011), quoting *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999). As such, a "State's consent to suit must be unequivocally expressed in the text of the relevant statute. Only by requiring this clear declaration by the State can we be certain that the State in fact consents to suit." *Sossamon*, 563 U.S. at 284-85 (internal citations and quotations omitted). Neither the Plaintiff nor the City Defendants have (or can) show that the State Trial Court Defendants waived sovereign immunity. *See Mahon v. United States*, 742 F.3d 11 (1st Cir. 2014).

As such, the federal court is barred from granting any relief on the Plaintiff's official capacity claims against Judge Coffey and Clerk Magistrate Murphy (and the "Justices of the West Roxbury Division of the Boston Municipal Court," to the extent that is an entity properly subject to suit). Accordingly, all official capacity claims against the State Trial Court Defendants must be remanded. *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 109 (1st Cir. 2007) ("an Eleventh Amendment bar [] is precisely the type of shortfall that requires remanding a removed case…").

2. <u>All Claims Against the State Trial Court Defendants in Their Individual Capacities Should Also Be Severed and Remanded in the Interests of Justice and Consistency.</u>

To the extent the State Trial Court Defendants are also named in their individual capacities, the interests of justice, consistency, and judicial economy are served by also remanding Suffolk Superior Court the claims Plaintiff asserted against them individually. The counts, elements, factual allegations, defenses, proof, and witnesses are identical. *See* Complaint. Thus, the official and individual capacity claims should be adjudicated in state court alongside their official capacity counterparts. Otherwise, the State Trial Court Defendants would be forced to litigate the same case

in two simultaneous forums, not only wasting resources, but also risking inconsistent rulings. All pertinent interests are served by severing and remanding *all* claims against the State Defendants.

In light of the above, the State Defendants, with the assent of the City Defendants (but not the Plaintiff), respectfully request that this Court sever all claims against Judge Coffey, Clerk Magistrate Murphy, and the "Justices," and remanded those claims to Suffolk Superior, leaving the claims against the City Defendants undisturbed.

**B. If the Court Is Not Inclined to Sever and Remand All Claims Against the State Defendants, the Court Should Instead Remand the Entire Action to State Court Under the Unanimity Doctrine.**

If the Court declines to remand both the official and individual claims against the State Defendants, they ask in the alternative that the entire case be remanded under the "unanimity requirement." Specifically, a matter may be removed to federal court only where "all defendants who have been properly joined and served [] join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A). Here, Judge Coffey was served on June 21, 2023, and the City Defendants' Notice of Removal was filed the next day: June 22, 2023. *See* Exhs. A and E. Because Judge Coffey had been served, she would have had to consent to the removal for it to be proper. *See* 28 U.S.C. 1446(b)(2)(A). She did not consent, warranting remand of the case. *Id.*

Even if Judge Coffey had not been served as of the date of the Notice of Removal – procedurally aligning her with Clerk Magistrate Murphy and the "Justices" – remand of the entire case would still be proper. Where "one or more of the defendants has not been served [] prior to removal," service after removal "shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case." *See* 28 U.S.C. § 1448. In short, one defendant cannot remove a case to federal court – and keep all claims there – over the objections of a co-defendant. *See id*.

Because Judge Coffey and Clerk Magistrate Murphy do not consent to the removal, they respectfully request that, if the Court is not inclined to sever and remand the claims against them, then the entire matter be remanded to state court under the unanimity doctrine, a result to which the Plaintiff (but not the City Defendants) assents.

Respectfully Submitted on this 11th day of July, 2023, by

**JUDGE KATHLEEN COFFEY and CLERK MAGISTRATE SEAN MURPHY,[4]**

By and through their Counsel,

**ATTORNEY GENERAL ANDREA JOY CAMPBELL, by**

*Shannan Leelyn*

Shannan Leelyn (BBO #677190)
Assistant Attorney General
1441 Main Street, Suite 1200
Springfield, MA 01103
T: 413.348.3309
F: 413.523.7765
E: ShannAn.Leelyn@mass.gov

---

[4] Clerk Magistrate Murphy does not waive any service arguments by narrowly joining this Motion, but instead reserves all such arguments, which will be asserted after the instant motion is decided.