UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIGRIDUR BALDURSDOTTIR<br>    Plaintiff,<br><br>v.<br><br>BOSTON, MICHELLE WU, KATHLEEN COFFEY, SEAN PAUL MURPHY, JUSTICES OF THE WEST ROXBURY DIVISION OF THE BOSTON MUNICIPAL COURT<br>    Defendants. | CIVIL ACTION NO. 1:23-cv-11403-DJC |

**DEFENDANTS, BOSTON AND MICHELLE WU'S LIMITED OPPOSITION TO DEFENDANTS JUDGE COFFEY AND CLERK MAGISTRATE MURPHY'S PARTIALLY ASSENTED-TO MOTION TO SEVER AND REMAND, OR TO REMAND ENTIRELY**

The Defendants Boston and Michelle Wu (collectively "City defendants") file this limited opposition to the Defendants Judge Kathleen Coffey and Clerk Magistrate Sean Paul Murphy's ("State Trial Court Defendants") partially-assented to motion to sever and remand, or to remand entirely. The State Trial Court defendants have moved to sever and remand the case back to state court based on the immunities provided to them in the Eleventh Amendment. The City defendants state that they are not opposed to the court severing and remanding the State Trial Court defendants to state court as long as the City defendants remain in federal court. As grounds for this limited opposition, the City defendants refer to the reasons stated below.

I. RELEVANT FACTUAL AND PROCEDRUAL BACKGROUND

On March 23, 2023, Plaintiff Sigridur Baldursdottir ("Plaintiff") filed a complaint in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts ("Suffolk Superior Court") alleging eight claims (deprivation of constitutional rights in violation of §1983,

1

conspiracy to violate constitutional rights in violation of § 1983, interference of rights under the M.G.L. c. 12, §§11H-11J (Massachusetts Civil Rights Act), conspiracy to interfere with rights under M.G.L. c. 12, §§11H-11J (Massachusetts Civil Rights Act), abuse of process, conspiracy to abuse process, malicious prosecution, and conspiracy to maliciously prosecute) against five defendants stemming from charges Plaintiff faces in Boston Municipal Court. Plaintiff brought all of the claims against Boston, Michelle Wu, Kathleen Coffey, Sean Paul Murphy, and Justices of the West Roxbury Division of the Boston Municipal Court.

On June 16, 2023, counsel for the City accepted service on behalf of Michelle Wu by email. On June 21, 2023, Plaintiff's counsel emailed a summons to counsel for the City for the acceptance of service on behalf of Defendant Michelle Wu. On June 21, 2023, the City was served with the summons and complaint. On June 22, 2023, the City defendants filed a notice of removal. (ECF No. 1.)[1]

On July 11, 2023, Defendants Judge Kathleen Coffey and Clerk Magistrate Judge Sean Paul Murphy ("State Trial Court Defendants") filed a partially assented-to motion to sever and remand, or to remand entirely. (ECF No. 9.)

**II. ARGUMENT**

Pursuant to 28 U.S.C. § 1441, removal is permitted "in civil actions over which the district courts have original jurisdiction." Ten Taxpayer Citizens Grp. v. Cape Wind Assocs., LLC, 373 F.3d 183, 190 (1st Cir. 2004) (internal quotation marks committed). "The Supreme Court has interpreted that requirement to bar removal unless the state action could have been filed in federal court in the first instance." Id. at 191; see also Syngenta Crop Protection, Inc. v. Henson,

---

[1] At the time the City defendants filed their notice of removal, they were unaware that the other defendants had been served.

537 U.S. 28, 33, (2002); Okla. Tax Comm'n v. Graham, 489 U.S. 838, 840 (1989) (per curiam); see also BIW Deceived v. Local S6, 132 F.3d 824, 830 (1st Cir.1997).

Here, Plaintiff's complaint filed in Suffolk Superior Court asserts eight claims. The first two claims in Plaintiff's complaint are based on federal law, specifically violations pursuant to 42 U.S.C 1983. Given the federal claims in her complaint, Plaintiff could have filed the complaint against the City defendants in federal court given there are claims of federal question in her complaint.

The State Trial Court defendants have moved to sever and remand, or remand the case entirely given that they cannot be sued in federal court given their 11th amendment protections of sovereign immunity. The City defendants do not oppose the claims against the State Trial Court defendants being remanded back to Suffolk Superior Court. The City defendants oppose the claims again them (Boston and Wu) be remanded back to Suffolk Superior Court. Given that the City defendants are not barred from being sued in federal court, the City defendants wish to keep the case brought against them in federal court.

### III.    CONCLUSION

For the foregoing reasons, Defendants Boston and Michelle Wu, respectfully request that this Honorable Court sever and remand the claims brought against Defendants Judge Coffey and Clerk Magistrate Murphy back to Suffolk Superior Court and keep the claims brought against Defendants Boston and Michelle Wu in federal court.

Respectfully submitted,

**CITY OF BOSTON and MICHELLE WU,**

By their attorneys:

Adam N. Cederbaum
Corporation Counsel

/s/ Bridget I. Davidson
Adam Johnson (BBO#679142)
Senior Assistant Corporation Counsel
Bridget I. Davidson (BBO#710244)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4097 (Johnson)
(617) 635-3238 (Davidson)
adam.johnson@boston.gov
bridget.davidson@boston.gov

## CERTIFICATE OF SERVICE

    I, Bridget I. Davidson, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and electronic copies will be sent to those indicated as non-registered participants on this case.

July 24, 2023                                                                          /s/ Bridget I. Davidson
Date                                                                                       Bridget I. Davidson